Other questions are raised by the appellants which would require serious consideration; but, having reached the conclusion, for the reasons above given, that there must be a new trial, it seems unnecessary to pass upon them.

The judgment and order appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.

---

### E. B. CONSTANTINE MFG. CO. v. REYNOLDS.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

1. APPEAL—EVIDENCE—REVIEW.

On appeal from a judgment dismissing the complaint, plaintiff's evidence is entitled to the most favorable interpretation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 4024.]

2. SALES—WARRANTY—PERFORMANCE—ACTS OF BUYER.

Where plaintiff contracted to manufacture certain mechanical fish, guaranteeing each to run for an hour or more, and testified that the fish, when tested prior to delivery, were in good working order, that they did not leak and ran for over an hour, and that he instructed defendant that the fish must be handled carefully, defendant could not object that the warranty was not complied with, where his servants threw the fish into a tank by armfuls, without winding them, and also without caps provided to keep out the water, which were necessary to keep the fish afloat.

Appeal from Kings County Court.

Action by the E. B. Constantine Manufacturing Company against William H. Reynolds. From a judgment dismissing the complaint after a trial before a jury, plaintiff appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

Jesse Fuller, Jr., for appellant.
Albert E. Richardson, for respondent.

WOODWARD, J. At the close of the plaintiff's case the learned court dismissed the complaint on the ground that there was nothing to submit to the jury. I think this was error, and that the facts presented were sufficient, if not refuted, to justify a recovery. The plaintiff sued to recover $1,000, the price of 100 mechanical fish which he claims to have manufactured under a written contract for the defendant's use in Dreamland, Coney Island. The contract, which was introduced in evidence by the plaintiff, was as follows:

"E. B. Constantine Mfg. Co. (Incorporated), 1180 Bedford Ave.

"Brooklyn, N. Y., Apr. 8, 1904.

"Dreamland Fish Pond, c/o Wm. H. Reynolds: We, the undersigned, agree to furnish one hundred (100) mechanical fish as per sample and instructions, said fish to be made of the best quality copper of heavy weight, with spring motor, etc., all to be of best material, workmanship, and finish. We further guarantee each fish to run for one hour or more, and we agree to make any repairs on same that may be caused by faulty workmanship or material—

free.  Other repairs will be made at a moderate price.  We will also furnish with the 100 fish, extra screw caps, keys, and screw guards.  The above to be delivered by May 10/04.  We make the price of each fish ten dollars ($10.00), 100 fish ($1,000) one thousand dollars, payable on delivery.

"E. B. Constantine Mfg. Co.,

"C. G. Mortimer, Jr., Sec'y.

"Accepted:  Wm. H. Reynolds."

Since the defendant concedes the signature to be his, and since also his name was signed to the telegram, in evidence, asking the plaintiff to remove the fish, and, furthermore, because it was shown that the plaintiff refused to begin the manufacture until the defendant's signature appeared below the contract, and because of various meetings held by the plaintiff with the defendant in reference to the manufacture, in one of which, the plaintiff testifies, the defendant told him to make a sample, adding that if such sample filled the bill he would be glad to have the plaintiff furnish 100 thereof.  I think that none of the essential elements of a contract are absent.  The evidence introduced by the plaintiff shows the assent of the parties, as well as mutuality and obligation.  He established also a sufficient and legal motive and proper consideration.  Justice v. Lang, 42 N. Y. 493, 1 Am. Rep. 576.  Because of the dismissal of the suit the plaintiff's evidence is entitled to the most favorable interpretation; and, while the court held that the express warranty was not complied with, we think the evidence admits of a different construction.

The plaintiff testified that the fish, when tested by him, prior to delivery to the defendant, were in good working order, that they did not leak, and that they ran for over one hour.  He admits that after delivery they sank and leaked, as the defendant alleges, but denies that this was due to defects in the mechanism.  It appears that the plaintiff warned those who had charge of the fish for the defendant that the fish required careful handling.  Notwithstanding this admonition, the defendant's servants, who were little boys, threw the fish into the tank by armsful without even winding them up, and also without the caps that kept out the water; and these precautions the plaintiff claims were absolutely necessary to keep the fish afloat.  Though from the defendant's attitude it would seem that the acceptance of the fish was conditioned on the result of experiments in the tank at Dreamland, yet the testimony of the plaintiff that the defendant accepted after a prior experiment before him is entitled to consideration.  If the defendant was as careless in the handling of the fish as the plaintiff testifies, he should not be allowed to shift the responsibility of failure upon the plaintiff.  When told that this was a delicate mechanism requiring peculiar care, the defendant should have seen that such care was exercised; and if because of his neglect the fish sank to the bottom and refused to do their work he cannot claim a breach of warranty.  Because of the proof that the fish, when properly wound, had been able to run for one hour and more, and because the plaintiff expressly disavowed his responsibility for the result of the defendant's neglect, we think that the evidence establishes a prima facie case.

The judgment dismissing the complaint should be reversed, and a new trial granted; costs to abide the event.  All concur.